DA 09-0254

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 359N

IN RE THE PARENTING OF

D.J.W., a minor child,

BRIAN WIESE,

Petitioner and Appellant,

and

AKASHA WESTON,

Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Seventeenth Judicial District, In and For the County of Phillips, Cause No. DR 08-15 Honorable John C. McKeon, Presiding Judge |

COUNSEL OF RECORD:

For Appellant:

Brandon C. Hartford; Hartford Law Office; Billings, Montana

For Appellee:

Marta N. Farmer; Carl S. White Law Office; Havre, Montana

Submitted on Briefs: September 30, 2009

Decided: October 27, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brian Wiese (Wiese) appeals from the Findings of Fact, Conclusions of Law and Order for Final Parenting Plan of the District Court for the Seventeenth Judicial District, Phillips County, which replaced an existing interim parenting plan (IPP) and designated Akasha Weston (Weston) as the primary residential custodian of D.J.W. We affirm.

¶3 In July 2008 D.J.W. was born to Wiese, the biological father, and Weston, the biological mother. Wiese and Weston were never married. In August 2008 Wiese petitioned to establish a permanent parenting plan. Wiese was 27 years old at the time and working as a mechanic. Weston was 18 years old and working at a certified nurse's assistant. In September 2008 Weston moved to establish an IPP. In October 2008 the District Court issued an order establishing an IPP. The IPP provided for equal custody, with D.J.W. residing with each parent for alternating 72-hour periods. The IPP further designated Wiese as the primary custodial parent. Subsequently, the District Court modified the IPP to designate Weston as the primary custodial parent.

2

¶4    After a hearing at which Weise and Weston testified and presented testimony of other witnesses, the District Court issued its Findings of Fact, Conclusions of Law and Order for Final Parenting Plan, which established the final parenting plan (FPP). The District Court found that both parties desire residential parenting of D.J.W., possess basic parenting skills, are employed and able to assist with the financial support of D.J.W., and have no problems with chemical dependency. The District Court also found that the parties' relationship is marked by conflict, immaturity, and irresponsibility. The District Court further found that Wiese has a quick temper and a questionable understanding of his parental role, relies significantly on his mother for help with D.J.W., and has made no payment toward the cost of D.J.W.'s birth. On the other hand, the District Court found that Weston has taken positive steps to address some of her shortcomings and has become a good parent.

¶5    In child-custody matters, we will uphold a district court's determination unless its findings of fact are clearly erroneous or its ruling demonstrates a clear abuse of discretion. *In re Paternity of C.T.E.-H.*, 2004 MT 307, ¶¶ 15-16, 323 Mont. 498, 101 P.3d 254. Further, we review a district court's interpretations of statutes de novo for correctness. *In re G.M.*, 2009 MT 59, ¶ 10, 349 Mont. 320, 203 P.3d 818.

¶6    Weise makes two arguments on appeal. First, Weise argues, the District Court's findings of fact do not support its conclusion that the final parenting plan was in the best interests of D.J.W. Second, Weise contends, the District Court could not amend the

3

interim parenting plan without first finding a change in circumstances under § 40-4-219(1), MCA.

¶7 Weise's arguments lack merit. Weise's first argument turns on his assertion that equal physical custody is favored absent a showing that the child would suffer harm in such an arrangement. In support of this position, Weise cites *In re Marriage of Susen*, 242 Mont. 10, 13, 788 P.2d 332, 334 (1990). In that case, the Court cited § 40-4-224(2), MCA, for the proposition that "[e]qual physical custody between parties is also favored when in the best interests of the child." *In re Susen*, 242 Mont. at 13, 788 P.2d at 334. Section 40-4-224, MCA, however, was repealed in 1997. 1997 Mont. Laws ch. 343, sec. 39. The current statute, § 40-4-212(1), MCA, lists relevant factors for determining whether a parenting plan is in the best interests of the child. The list includes "whether the child has frequent and continuing contact with both parents" as one factor. Section 40-4-212(1)(l), MCA. This, however, is not a requirement of equal physical custody. Accordingly, we conclude that Weise's first argument fails.

¶8 Weise next argues that the change-of-circumstances requirement for amending a parenting plan under § 40-4-219(1), MCA, applies to IPP. This, however, is not the law. *In re Paternity of C.T.E.-H.*, ¶ 24 ("We concluded that § 40-4-219, MCA, applies to modifications of previously issued FPPs [final parenting plans] and is not applicable to IPPs [interim parenting plans]." (citing *In re Marriage of Hedges*, 2002 MT 204, ¶ 18, 311 Mont. 230, 53 P.3d 1273)). Consequently, Weise's second argument also fails.

4

¶9    We have decided to determine this case pursuant to Section I, Paragraph 3(d)(i) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the record before us that the District Court did not err in its disposition of this matter.  We therefore affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS